UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD P. LARIVIERE<br>DORIS G. LARIVIERE,<br><br>    Plaintiff<br><br>v.<br><br>BANK OF NEW YORK AS TRUSTEE, et al.,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>) Civil No. 2:10-cv-00336-GZS<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION**

This action has been removed to this court from the Maine Superior Court, York County, by three of the defendants, Mortgage Electronic Registration Systems, Inc., Bank of New York as Trustee, and Litton Loan Servicing LP. The defendants have filed a motion to dismiss (Doc. No. 8) and the plaintiffs have failed to respond to the motion. The matter was referred to me for recommended decision. I now recommend that the court grant the motion. The background for this case is fully set forth in my recommended decision in <u>Lariviere v. Bank of New York as Trustee</u>, CV-09-515-P-GZS, 2010 WL 2399583, 2010 U.S. Dist. Lexis 58175 (D. Me., May 7, 2010). This complaint relates to the identical dispute addressed in the prior decision. These parties are all entitled to dismissal with prejudice on the basis of *res judicata*.

The prior case involving the Larivieres was fraught with procedural irregularity on their part, as even a cursory review of that docket reveals. The Larivieres missed filing deadlines and filed pleadings in the wrong court. Thus, the missed deadline in this case could well be simply the opening salvo on their part. However, it is not my plan at this point in time to reconsider this recommendation or otherwise respond to any belated filings on their part, should there be any,

absent the most extraordinary circumstances. It appears obvious to me that the Larivieres have become adept at litigating, when it is to their advantage to create delay and obstruction.

Almost immediately after the entry of the judgment on the last case, on or around July 9, 2010, the same plaintiffs filed a second complaint, in Maine Superior Court, York County, titled, <u>Donald P. Lariviere and Doris G. Lariviere v. The Bank Of New York as Trustee, Litton Loan Servicing, L.P., Bank Of America, Mortgage Electronic Registration Systems, Inc., (MERS), JOHN AND JANE DOES I through XX, inclusive</u>, Case No. 2010-210. Defendants removed the matter to this Court on August 11, 2010. The present complaint includes ten counts, seven of which are the same as alleged in the amended complaint in the prior action. The present complaint includes the same exhibits that were attached to the amended complaint in the prior action, including the: (a) Penley Letter (Compl. ¶ 28 & Ex. A), (b) Rescission Letter (<u>id.</u> ¶ 28 & Ex. B), (c) Superior Court Certificate (<u>id.</u> ¶ 34 & Ex. C), (d) Assignment (<u>id.</u> ¶ 35 & Ex. D), and (e) Mortgage (<u>id.</u> ¶ 38 & Ex. E). The major difference between this complaint and the earlier complaint is that the Larivieres have omitted their various federal claims under federal statutes. The removing defendants, however, have asserted diversity jurisdiction, including the diversity of the non-removing defendant, the Bank of America. The three claims that are "new" to this complaint, (1) civil conspiracy to commit fraud and wrongful foreclose (Count I), (2) to produce original note (Count II), and (3) permanent injunction (Count III), arise from the same transaction and arose out of the same operative facts as the earlier case.

Defendants argue that this complaint is barred by the doctrine of *res judicata*. I believe that they are correct. Because the Court considers these claims due to diversity jurisdiction, and because it considers the preclusive effect of a prior federal judgment, federal law applies. <u>Johnson v. SCA Disposal Servs., Inc.</u>, 931 F.2d 970, 974 (1st Cir. 1991). Although the

defendants have briefed the issue in terms of the Maine law of *res judicata*, the Maine standard and the federal standard in this Circuit are the same. Under federal law, *res judicata* bars relitigation of claims where (1) there is a final judgment on the merits in an earlier action; (2) "sufficient identity" exists between the parties in the earlier and later suits, and (3) "sufficient identity" exists between the causes of action in the two suits. United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998); Johnson, 931 F.2d at 974. "This boils down to whether the causes of action arise out of a common nucleus of operative facts." Mass. Sch. of Law at Andover, Inc. v. Am. Bar. Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). Similarly, under Maine law, courts apply a transactional test, "examining the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." Portland Water Dist. v. Town of Standish, 2008 ME 23, ¶ 8, 940 A.2d 1097, 1100 (citing Norton v. Town of Long Island, 2005 ME 109, ¶ 18, 883 A.2d 889, 895). Under both federal and state law, a claim is precluded even if the second action raises new legal theories that were not, but could have been, litigated in the prior action. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d at 38; Petit v. Key Bancshares of Maine, Inc., 635 A.2d 956, 959 (Me. 1993). Based upon the foregoing, I recommend that this complaint be dismissed with prejudice in its entirety.[1]

---

[1] Alternatively the Court might determine that it is appropriate to dismiss with prejudice as to the removing defendants and remand the remainder of the case for further proceedings in the state court. However, the only other named defendant is the Bank of America, a participant in the prior litigation, and it does not make a lot of sense to remand what would remain of this lawsuit following dismissal of the three primary defendants. On the other hand, the Bank of America was dismissed from the prior litigation based upon insufficient service of process and not on the merits.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 21, 2010